## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **SONDRA BROWN,** | **COURT FILE NO.:** _____ |
| **Plaintiff,** | |
| **v** | **COMPLAINT** |
| **MIDLAND FUNDING, LLC,**<br>**& Stephanie Pettway,** | |
| **Defendants.** | **JURY TRIAL DEMANDED** |

## JURISDICTION

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k.  This Court may assert supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 arising out of the same nucleus of operative facts.

2.   This action arises out of Defendants' violations of the FDCPA, 15 U.S.C. § 1692 et seq., the Michigan Occupation Code ("MOC"), MCL 339.901 et seq; or alternative to the MOC, for violations under the Michigan Regulation of Collection Practice Act, ("MRCPA") MCL 445.251 et seq.

3.   Venue is proper in this District because the harm to Plaintiff occurred in this District, Defendants caused to be filed the subject collection lawsuit against Plaintiff within a county located within this District, and Defendants transact business within this District.

## PARTIES

4.   Plaintiff SONDRA BROWN (herein after "Plaintiff" or "BROWN") is an adult is a natural person residing at all relevant times in Allegan County, Michigan. Sondra Brown's residential street address was at all relevant times 45 Blue Star Highway, South Haven, Michigan 49090.

5.    BROWN is protected under the FDCPA from harassment, oppression and abuse in connection with the collection of a debt.

6.    BROWN is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.    BROWN is a "consumer," "debtor" and "person" as the terms are defined and used in the MRCPA.

8.    Defendant Midland Funding, LLC is a wholly-owned subsidiary of Encore Capital Group, Inc. Midland Funding is engaged in the business of taking title to charged-off consumer debts, including credit card, auto deficiency and telecom receivables purchased from national financial institutions, major retail credit corporations, telecom companies and resellers of such portfolios. (Encore's SEC filing on form 10-Q, Aug. 8, 2008).

9.    Midland Funding uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.  Midland Funding regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Midland Funding is a "debt collector" as the term is defined and used in the FDCPA.  Midland Funding is a "collection agency" and "licensee" as the terms are defined and used in MOC or alternatively a "regulated person" as defined by Michigan Regulation of Collection Practice Act, ("MRCPA") MCL 445.251 et seq.

10.    Midland Funding uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

11.    Midland Funding is a purchaser of consumer charged-off accounts ("Debt Portfolios") that are in default when Midland Funding purchases them.

12.    Midland Funding, through its attorneys, frequently files state civil lawsuits to collect debts.

13.    Stephanie Pettway is a natural person and an employee or agent of Defendant Midland Funding. Ms. Pettway is licensed (P64543) to practice law in Michigan. Ms. Pettway uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

Ms. Pettway regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Ms. Pettway is a "debt collector" as the term is defined and used in the FDCPA. Ms. Pettway is a "regulated person" as the term is defined and used in the MCPA.

14. In *Heintz v. Jenkins*, 514 U.S. at 299, 115 S.Ct. 1489, 131 L.Ed.2d 395, the United States Supreme Court made clear that the FDCPA applies to "attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *See also Beler v. Blatt, Hasenmiller, Leibsker & Moore, L.L.C.*, 480 F.3d 470, 472 (7th Cir. 2007).

15. A shareholder, owner, officer, member, manager, employee or agent of a corporate debt collector can be held liable for violating the FDCPA, without piercing the corporate veil, by being directly involved in the day-to-day operation of the company, including the training and managing of employees, reviewing or supervising the review of accounts, materially participating in the activities of the company, supervising collection activities, overseeing compliance with applicable collection laws, ratifying unlawful acts, and the like, for the reason that each such individual is himself a "debt collector" within the statutory definition, namely, each is a "person" in a business, "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). *See Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433,435-438 (6th Cir. 2008); *Russell v. Goldman Roth Acquisitions, LLC*, 847 F.Supp.2d 994,1004-06 (W.D. Mich. 2012).

16. Midland Funding is also liable for the acts of attorney Pettway. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016) (citing amount authorities *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996)).

17. Defendants regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. Defendants regularly files state court lawsuits seeking to collect a debt that is in default at the time of the filing of the lawsuit on behalf of its clients and therefore is a debt collector. *See Heintz v. Jenkins,* 514 U.S. 291, 299 (1995).

19. During all times pertinent hereto, Defendants directly and indirectly participated in the unlawful debt collection practices to collect an alleged debt from BROWN that are described in this complaint in violation of state and federal law.

20. At all times relevant hereto, each of the Defendants were, and are now, the agent, servant, employee and / or other representative of the other Defendant and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permissions, knowledge, consent and ratification of the other Defendant.

## FACTUAL ALLEGATIONS

21. At all times relevant to this complaint Defendants sought to collect a "consumer" debt from the Plaintiff.

22. In or about 2016. Lowe's provided Plaintiff with credit to purchase goods from its store. (the "Debt") Plaintiff used it to purchase consumer goods primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

23. Defendants claim that Synchrony Bank was the original creditor to whom the Debt is owed.

24. Defendants claim that, on June 29, 2017 Midland Funding purchased the Debt from Synchrony Bank.

25. Thereafter, Midland Funding, by itself and/or through its agents, attempted to collect the debt from Plaintiff and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

26. Midland Funding, by itself or through its agents, sent communications to Plaintiff in Allegan County, Michigan.

27. Midland Funding, through its in-house lawyer, directed Pettway to collect the Debt by means,

including but not limited to, filing a lawsuit against Plaintiff.

28. On or about January 25, 2018 Defendants filed a collection lawsuit on behalf of Midland Funding against BROWN (the "State Court Lawsuit") in the 7th District Court located in Van Buren County Michigan, seeking to collect on the Debt.

29. A true and correct copy of that State Court Lawsuit is attached hereto as **Exhibit 1**.

30. The Debt was in default at the time the State Court Lawsuit was filed.

31. The summons and complaint filed by Defendant in the State Court Lawsuit correctly stated BROWN'S residential address, which is in Allegan County, Michigan.

32. Defendants caused the summons and complaint to be served on BROWN in 2018 at her residence in Allegan County, Michigan.

33. At no relevant time did BROWN reside in Van Buren County, Michigan.

34. When Defendants filed the State Court Lawsuit against BROWN in Van Buren County, Michigan, BROWN was residing in Allegan County, Michigan.

35. The FDCPA states that a debt collector may file a collection suit against a consumer only in the judicial district in which the consumer signed the contract sued upon, or in which the consumer resides at the commencement of the action, 15 U.S.C. §1692i.

36. Any contract, if any existed, was not signed or entered into in Van Buren County, Michigan.

37. BROWN did not reside in Van Buren County, Michigan, when Defendants filed the State Court Lawsuit against BROWN in Van Buren County nor at any other time.

38. When Defendants filed the state court lawsuit against BROWN, a simple search of BROWN's name and social security number, using any number of commercially available search engines, such as www.accurint.com. would readily have disclosed that BROWN was then residing in Allegan County, Michigan, and had been residing in Allegan County for many years.

39. When Defendants filed the State Court Lawsuit against BROWN, Defendants could have gone to an internet website maintained by Allegan County (www.allegancounty.org), performed a search

of BROWN's residential street address, and immediately determined that BROWN's residence is located in Allegan County and not in Van Buren County, Michigan.

40. When Defendants filed the State Court Lawsuit against BROWN, a review of any number of commercially available maps would readily have disclosed that BROWN was then residing in Allegan County, Michigan.

41. When Defendants filed the State Court Lawsuit against BROWN, a telephone call to the Van Buren County Department of Equalization and Mapping would have disclosed that BROWN's residential street address was not located in Van Buren County, Michigan.

42. Defendants failed to maintain procedures reasonably adapted to avoid filing suit against BROWN in the wrong judicial district.

43. Defendants failed to follow procedures, reasonably adapted to avoid filing suit against BROWN in the wrong judicial district.

44. When Defendants filed the State Court Lawsuit against BROWN, Defendants had no legitimate reason to believe that any contract upon which the lawsuit was based was signed by BROWN in Van Buren County, Michigan.

45. Defendants filed the collection lawsuit against BROWN in the wrong judicial district and violated the FDCPA, including but not limited to, 15 U.S.C. §1692i.

46. Paragraph 11 of the State Court Lawsuit requested "Judgment for $2,355.61 plus interest, court costs and statutory attorney fees pursuant to MCL 600.2441." (See Exhibit 1)

47. MCL 600.2441 states:

**600.2441 Costs; costs additional in civil actions in supreme court and circuit court.**
Sec. 2441. (1) In all civil actions or special proceedings in the supreme court, whether heard as an original
proceeding or on appeal, the following amounts shall be allowed as costs in addition to other costs unless the court otherwise directs:
(a) On motions, $20.00.
(b) On calendar causes and those given an early hearing, $50.00.
(2) In all civil actions or special proceedings in the circuit court, whether heard as an original proceeding

or on appeal, the following amounts shall be allowed as costs in addition to other costs unless the court
otherwise directs:
(a) For the proceedings before trial, $20.00.
(b) For motions that result in dismissal or judgment, $20.00.
(c) For the trial of the action or proceeding, $150.00.
(d) In actions in which a confession of judgment is entered, $15.00.
(e) In actions in which a default judgment or consent judgment is entered, $75.00.

48.  MCL 600.2441 does not provide for an award of statutory attorney fees.

49.  Defendants are not entitled to any statutory attorney fees.

50.  Defendants inclusion of their entitlement to statutory attorney fees is false, misleading and/or deceptive as it would cause the least sophisticated consumer to assume they will have to pay statutory attorney fees.

51.  Defendants included their entitlement for "statutory attorney fees" to mislead consumers.

52.  Defendants are liable for the acts and omissions of their employees done in connection with efforts to collect a debt from BROWN.

53.  The acts of Defendants done in connection with efforts to collect the Debt were done intentionally and willfully.

54.  Defendants intentionally and willfully violated the FDCPA, MOC and/or MRCPA.

55.  As a result of the facts alleged above, Plaintiff has suffered damages, including actual damages and emotional distress.

## JURY DEMAND

56.  BROWN is entitled to and requests a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## COUNT I

## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. § 1692 et Seq.

57.  BROWN incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58.  The foregoing acts and omissions of Defendants constitute violations of the FDCPA including,

but not limited to, each and every one of the below cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

    a.    The filing of legal actions against consumers in a judicial district in which a consumer did not contract to receive the services in question or where the consumer did not reside at the commencement of the action in question in violation of 15 U.S.C. § 1692i;

    b.    § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person in violation of 15 U.S.C. § 1692d;

    c.    by falsely representing the character, amount, or legal status of any debt by attempting to make Plaintiff pay more than which was legally owed in violation of 15 U.S.C. §1692e(2);

    d.    The threat to take action that cannot be legally taken in violation of 15 U.S.C. § 1692e(5);

    e.    The utilization of false and deceptive means to collect or to attempt to collect a debt in violation of 15 U.S.C. § 1692(e)(10);

    f.    Any other false, deceptive, or misleading representation or means in connection with the debt collection in violation of 15 U.S.C. § 1692(e).

    g.    Any unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of § 1692f.

59.    As a result of Defendants' violations of the FDCPA, BROWN is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

## Violations of the Michigan Occupational Code

60.    BROWN incorporates all of the above paragraphs by reference.

61.    Each Defendant is a "collection agency" as that term is defined in the Michigan Occupation Code ("MOC"), M.C.L. § 339.901(b).

62.    BROWN is a consumer as defined by the MOC and is a person whom the act was intended to protect. M.C.L. § 339.901(f).

63. Each Defendant has violated the MOC. Defendants' violations of the MOC include, but are not necessarily limited to, the following:

   a. Defendants violated M.C.L. § 339.915(a) by communicating with a debtor in a misleading or deceptive matter;

   b. Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

   c. Defendants violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor any of the following: (*i*) The legal status of a legal action being taken or threatened; and (*ii*) The legal rights of the creditor or debtor;

   d. Defendants violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt;

   e. Defendants' violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

64. Defendants' violations of the Michigan Occupation Code were willful.

65. BROWN has suffered damages as a result of these violations of the Michigan Occupational Code.

## COUNT II

### Violations of the Michigan Regulation of Collection Practices Act

### (Alternative to Count II)

66. BROWN incorporates the preceding allegations by reference.

67. Defendants and its employees/agents are "regulated persons" as defined by MCL 445.251(g)(xi) in the Michigan Regulation of Collections Practices Act ("MRCPA") MCL 445.251, et seq.

68. BROWN is a person whom the act was intended protect, MCL 445.251(d).

69. Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Michigan Regulation of Collections Practices Act.

70.   Defendants' violations of the MCPA include, but are not necessarily limited to, the following:

   a.   Defendant violated M.C.L. § 445.252(a) by communicating with a debtor in a misleading or deceptive matter;

   b.   Defendant violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt;

   c.   Defendant violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (*i*) The legal status of a legal action being taken or threatened, and (*ii*) The legal rights of the creditor or debtor;

   d.   Defendant violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt.

   e.   Defendant violated M.C.L. § 445.252(q) failing to implement a procedure designed to prevent a violation by an employee.

71.   Defendants' violations of the Michigan Regulation of Collections Practices Act were willful.

72.   BROWN has suffered actual damages as a result of these willful violations of the Michigan Regulation of Collections Practices Act.

## **DEMAND FOR JUDGMENT FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants.

### COUNT I

### **Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## COUNT II

### Violations of the Michigan Occupational Code as Alternative to Claims under the Michigan Regulation of Collection Practices Act

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for Plaintiff;

- reasonable attorney's fees and court costs pursuant to the MOC;

- for such other and further relief as may be just and proper.

## COUNT III

### Violations of the Michigan Regulation of Collection Practices Act (as Alternative to Claims under the Michigan Occupational Code)

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Regulation of Collection Practices Act violations in an amount to be determined at trial and for Plaintiff;

- reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257; and

- for such other and further relief as may be just and proper.

*Accordingly, Plaintiff requests that the Court:*

a.    Grant statutory damages.

b.    Grant actual damages.

c.    Grant exemplary damages

d.    Grant damages pursuant to the Michigan Occupation Code ("MOC"), MCL 339.901 et seq; or alternative to the MOC, for violations under the Michigan Regulation of Collection Practices Act, ("MCPA") MCL 445.251 et seq.

e.    Award costs and attorney fees.

Dated: July 8, 2018                     Respectfully submitted,


                                        REX ANDERSON, PC


                                        /s/ Rex C. Anderson
                                        Rex C. Anderson, Attorney for Plaintiff
                                        9459 Lapeer Rd. Ste. 101
                                        Davison MI 48423
                                        (810) 653-3300
                                        mied@rexandersonpc.com
                                        (P47068)